UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**　　　　　'O'

| Case No. | CR 13-589-CAS | Date | February 2, 2015 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | Monica Ramirez, Not Present<br>Doug Miller, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 1) JOSHUA DAVIS | NOT | X | | MICHAEL CERNYAR | NOT | X | |
| 2) SHARILYN KAE ANDERSON | NOT | X | | GEORGINA WAKEFIELD, DFPD<br>JILL GINSTLING, DFPD | NOT<br>NOT | X<br>X | |

**Proceedings:** (IN CHAMBERS): DEFENDANT SHARILYN K. ANDERSON'S MOTION TO SEVER (Dkt. No. 77, filed August 18, 2014)

GOVERNMENT'S MOTION IN LIMINE TO ADMIT FED. R. EVID. 404(b) EVIDENCE (Dkt. No. 115, filed September 15, 2014)

GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE CERTAIN CRIMINAL CONVICTIONS OF GOVERNMENT WITNESSES (Dkt. No. 137, filed October 6, 2014)

## I.　　INTRODUCTION

On August 22, 2013, a federal grand jury charged defendant Sharilyn K. Anderson and her son, co-defendant Joshua Davis, with sex-trafficking a minor, Victim 1, in violation of 18 U.S.C. § 1591(a)(1), (a)(2), and sex-trafficking an adult, Victim 2, by coercion, fraud, or threats of force, in violation of 18 U.S.C. § 1591(a)(1), (a)(2). Dkt. No. 12. Davis is also charged with coercing or enticing a minor to engage in prostitution, in violation of 18 U.S.C. § 2422(b), transporting a minor for prostitution, in violation of 18 U.S.C. § 2423(a), and transporting a minor for illicit sexual conduct and for the purpose of commercial advantage or private financial gain, in violation of 18 U.S.C. § 2423(d). Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL          'O'

On September 26, 2014, the government filed a First Superseding Indictment. Dkt. No. 132. The superseding indictment charges the defendants with conspiring to sex traffic a minor (Victim 1) and an adult (Victim 2)—the latter by force and coercion—in violation of 18 U.S.C. § 1594(c). Id. It further charges Davis with four substantive counts of sex trafficking Victim 1 and Victim 2, in violation of 18. U.S.C. §§ 1591(a)(1), and one count of transporting Victim 1 in interstate commerce for the purpose of engaging in prostitution, in violation of 18 U.S.C. § 2423(a). Finally, it charges Anderson with aiding and abetting Davis in the sex trafficking of Victim 1 and Victim 2, in violation of 18 U.S.C. §§ 1591(a)(1), (a)(2). Id. A trial in this matter is currently set for March 10, 2015.

## II. MOTION TO SEVER

On August 18, 2014, Anderson filed a motion to sever Counts 1 and 2. Dkt. No. 77. On September 2, 2014, the government filed an opposition. Dkt. No. 96. Anderson replied on September 8, 2014. Dkt. No. 104. On September 15, 2014, the Court held a hearing on the matter, but reserved ruling on the motion to sever because the government indicated that it planned to file a superseding indictment. See Dkt. No. 123. As indicated above, the government filed a First Superseding Indictment on September 26, 2014. The Court held a hearing on this and other motions on January 26, 2015.

Anderson argues that the charges against her relating to the two victims should be tried separately for two reasons. First, she argues that the counts were improperly joined. Second, she argues that even if the counts were properly joined, they should be severed to avoid undue prejudice to Anderson. For the reasons that follow, the Court does not find severance appropriate at this juncture.

### A. Federal Rule of Criminal Procedure 8(a)

An indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "Rule 8 has been 'broadly construed in favor of initial joinder." United States v. Jawara, 474 F.3d 565, 573 (9th Cir. 2006) (quoting United States v. Friedman, 445 F.2d 1076, 1082 (9th Cir. 1971)); see United States v. Portac, Inc., 869 F.2d 1288, 1294 (1989) ("The rule is to be construed broadly in favor of joinder."); United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980) ("[J]oinder is the rule rather than the exception.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**　　　　　　　　　　'O'

In briefing submitted before the filing of the superseding indictment, the government argued that joinder was justified under the "same or similar character" and "common scheme or plan" prongs of Rule 8(a). Under either test, the reasons for joinder must be "readily apparent on the face of the indictment or . . . reasonably inferred from the allegations of the indictment." See Jawara, 474 F.3d at 574, 576. Anderson argued that the "common scheme or plan" prong was inapplicable, largely because the government had not charged a conspiracy that connected the charges involving Victim 1 and Victim 2:

> It seems that the government confuses the term "venture" with "conspiracy." Title 18 U.S.C. § 1594 prohibits conspiring to violate section 1591. But the indictment here does not charge a conspiracy with allegations that the overt acts made in furtherance of the conspiracy were the sex trafficking of both Victim 1 and Victim 2. It is reasonable to infer that the government did not charge conspiracy because there is insufficient proof that these separate counts were part of a common scheme or plan.

Dkt. No. 104 at 8. As detailed above, the First Superseding Indictment charges Anderson with conspiring to traffic both Victim 1 and Victim 2 in violation of § 1594, and alleges overt acts encompassing the trafficking of both victims. Accordingly, the Court finds that the § 1591 counts against Anderson pertaining to the trafficking of Victim 1 and Victim 2 are properly joined as part of a common scheme or plan linked by the conspiracy count. See Mendez v. United States, 349 F.2d 650, 651 n.1 (9th Cir. 1965) ("[Rule 8(a)] permits the government to join in one indictment a conspiracy and a substantive crime committed as part of that conspiracy.").

### B.　Federal Rule of Criminal Procedure 14(a)

Federal Rule of Criminal Procedure 14(a) provides: "If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." In briefing filed before the superseding indictment, Anderson argued that evidence of each count that would otherwise be inadmissible as to the other count will confuse or inflame the jury, and that a joined trial would invite jurors to engage in improper propensity reasoning. The government maintained that much of the same evidence would be introduced even in separate trials, and that any unfair prejudice that might arise could be mitigated through the use of limiting jury instructions.

Now that the First Superseding Indictment charges a conspiracy involving Victim 1 and Victim 2, the Court concludes that there is insufficient risk of unfair prejudice to justify

severance.  Because of the conspiracy charge, it is inevitable that evidence involving one victim will be introduced at a trial involving the other, and the risk of unfair prejudice from "evidence of other crimes . . . which . . . would otherwise be inadmissible" is substantially lessened. United States v. Lewis, 787 F.2d 1318, 1322 (9th Cir. 1986); see United states v. Matta-Ballesteros, 71 F.3d 754, 771 (9th Cir. 1995) (finding no unfair prejudice where codefendants were jointly tried for conspiring to commit and committing various violent acts, even though this meant the introduction of evidence involving three homicides and a marijuana enterprise with which the appellant was not involved).  Moreover, the Court cannot agree with Anderson that the jury will be incapable of compartmentalizing the evidence even with limiting instructions.  See Zafiro v. United States, 506 U.S. 534, 540 (1993) ("[E]ven if there were some risk of prejudice, here it is of the type that can be cured with proper instructions, and 'juries are presumed to follow their instructions.' " (quoting Richardson v. March, 481 U.S. 200, 211 (1987))).  Therefore, the Court does not find severance appropriate under Rule 14(a).

### C.   Conclusion

In accordance with the foregoing, the motion to sever is **DENIED**.

### III.   GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT RULE 404(b) EVIDENCE

On September 15, 2014, the prosecution moved to admit certain evidence pursuant to Federal Rule of Evidence 404(b).  Dkt. No. 115.  Anderson filed an opposition on October 15, 2014.  Dkt. No. 139.  The Court held a hearing on January 26, 2015, at which this and other motions were discussed.  After considering the parties' arguments, the Court finds and concludes as follows.

### A.   Analysis

Under Rule 404(b), evidence of a defendant's other crimes, wrongs, or other bad acts may be admitted to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]"  Fed.R.Evid. 404(b).  Rule 404(b) is an "inclusi[ve]" rule, meaning "other acts evidence is admissible whenever relevant to an issue other than defendant's criminal propensity."  United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir.1982).  Non-propensity purposes include "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  United States v. Cherer, 513 F.3d 1150, 1157 (9th Cir. 2008).  "The Government, however, must carry the burden of showing how the proffered evidence is relevant to one or more issues in the case; specifically, it must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence."  Mehrmanesh, 689 F.2d at 830.  If the government carries this burden, Rule 404(b)

evidence should be admitted "unless its prejudicial impact substantially outweighs its probative value." United States v. Johnson, 132 F.3d 1279, 1282 (9th Cir. 1997). The government seeks to admit portions of Victim 2's testimony under two theories.

First, evidence may not be considered "other crimes" or "other act" evidence within the meaning of Rule 404(b) "if 'the evidence concerning the 'other' act and the evidence concerning the crime charged are inextricably intertwined." United States v. Dorsey, 677 F.3d 944, 951 (9th Cir. 2012) (quoting United States v. Soliman, 813 F.2d 277, 279 (9th Cir.1987)). Two categories of "other act" evidence may be considered inextricably intertwined: "First, other act evidence may constitute a part of the transaction that serves as the basis for the criminal charge. Second, admission of other act evidence may be necessary to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." Id. (internal quotation marks, alterations, and citations omitted). This second category permits "the government to explain either the circumstances under which particular evidence was obtained or the events surrounding the commission of a crime." United States v. Vizcarra-Martinez, 66 F.3d 1006, 1013 (9th Cir. 1995). The government argues that much of Victim 2's testimony is admissible as "part of the transactions that serve as the basis for the indictment" and as "necessary to permit the government to offer a 'coherent and comprehensible story' regarding the commission of the crimes."

Second, courts may admit so-called "modus operandi" evidence under Rule 404(b). See United States v. Gonzalez, 533 F.3d 1057, 1063–64 (9th Cir. 2008). "[I]n order to admit Rule 404(b) identity evidence on the signature facts or modus operandi theory, the District Court must make a threshold determination that, based solely on the evidence comparing the past acts and the charged offense, a reasonable juror could conclude that the same person committed both crimes." United States v. Carroll, 207 F.3d 465, 469 (8th Cir. 2000). The Ninth Circuit has previously affirmed a trial court's admission of how an alleged pimp had "similarly beaten, raped, and forced three other young women into prostitution." United States v. Winters, 729 F.2d 602, 604 (9th Cir. 1984). Because defense counsel in Winters argued that the alleged victims of the crimes at issue "had freely chosen to live with" the defendant and "had not [been] forced . . . to engage in acts of prostitution," the court found the prior acts testimony "relevant to establish Winters' modus operandi, motive, and intent." Id. See also United States v. Dhingra, 371 F.3d 557, 566 (9th Cir. 2004) (admitting, against a defendant accused of using online instant messages to solicit sex from a minor, evidence involving several minors whom the defendant had previously contacted through instant messages for sexual purposes).

The government argues that some of Victim 2's testimony is admissible because it shows defendants' modus operandi "in the way they treated their prostitutes and how that manifested his knowledge and intent to commit the crimes charged." Dkt. No. 115 at 13. In its motion, the

government referenced several examples of such testimony, but did not make clear precisely what evidence it seeks to admit. At a hearing held on this motion, however, the government clarified that at this juncture, it only seeks to admit a single type of Rule 404(b) evidence. Government counsel explained that it anticipated offering evidence that (1) Anderson sent several text messages to Victim 1 indicating that Anderson would pick Victim 1 up from a hotel, and (2) commercial sex acts involving Victim 1 took place at that hotel. See Motion Hr'g Tr. at 3, Jan. 26, 2015. The prosecution anticipates that Anderson may argue she picked up Victim 1 without knowing that Victim 1 had been engaging in commercial sex acts at the hotel. Id. at 3–4. The government seeks to "overcome that type of response to the government's evidence" by arguing that the jury can infer Anderson's knowledge that Victim 1 was engaging in prostitution at the hotel from evidence that Anderson picked up Victim 2 from a hotel knowing that Victim 2 was engaging in commercial sex there. Id. at 4.

Anderson responds that "offering evidence that Ms. Anderson drove [Victim 2] to hotels or booked hotels for [Victim 2] as evidence that Ms. Anderson must have done the same for [Victim 1] is pure propensity evidence." Dkt. No. 139 at 5. Anderson also argues that the hotel-related evidence is not "peculiar, unique, or bizarre, nor . . . so unusual or distinctive as to constitute [Anderson's] personal 'signature' on each crime.' " United States v. Ezzell, 644 F.2d 1304, 1305 (9th Cir. 1981) (citations omitted). Rather, Anderson contends, "the alleged overlapping evidence as to Ms. Anderson is common to all pimping cases." Dkt. No. 139 at 5. Anderson also argues that there are significant differences between the alleged acts involving the two victims, principally that Victim 1 was a minor and that Victim 1 was allegedly sex trafficked through violence. She further denies that she intends to offer evidence or argument that would invite the purported Rule 404(b) evidence as rebuttal. Finally, Anderson submits that Victim 2's testimony about Victim 1 would be unfairly prejudicial and cumulative, especially because it now appears that Victim 1 will testify at trial.

### B.     Conclusion

The scope of the evidence the government seeks to admit through this motion seems to have changed since the parties briefed the motion. Moreover, the purposes for which the hotel-related evidence might be admissible appears to be contingent on what other evidence and arguments are adduced at trial. Therefore, the Court determines that the admissibility of the evidence the government seeks to admit will be better decided in the context of trial. This motion is therefore **DENIED** without prejudice to its being renewed at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL  'O'

### IV. GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE CERTAIN CRIMINAL CONVICTIONS OF GOVERNMENT WITNESSES

The government intends to call witnesses at trial, including Victim 1 and Victim 1's father ("MT"), with prior criminal convictions. The prosecution moves to preclude reference to all but one of these convictions, arguing that they are inadmissible under Federal Rule of Evidence 609. Dkt. No. 137. Rule 609 governs the admissibility of prior criminal convictions to impeach a witness's credibility. See Fed. R. Evid. 609.

According to the government, MT was convicted on December 3, 2008 of soliciting a prostitute, a misdemeanor violation of California Penal Code section 647(b), for which he was sentenced to three years of probation and ordered to pay a $300 fine.[1] The government also submits that, on February 18, 2014, Victim 1 was convicted as a juvenile of burglary, a felony violation of California Penal Code section 459, for which she was sentenced to one year of home probation.

At a January 26, 2015 hearing, counsel for both defendants asserted that they did not intend to oppose this motion unless a witness "opens the door" to evidence of the convictions while testifying. Mot. Hr'g Tr. at 5, Jan. 26, 2015. Therefore, the Court **GRANTS** the government's motion to preclude evidence of MT's conviction for soliciting a prostitute, and evidence of Victim 1's juvenile conviction for burglary. The motion is granted without prejudice to defendants' asking to introduce evidence of such convictions if trial testimony by either witness makes such evidence relevant and admissible.

### V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** Anderson's motion to sever. The Court **DENIES** the government's motion to admit Rule 404(b) evidence, without prejudice to its being renewed at trial. The Court **GRANTS** the government's motion to exclude certain

---

[1] The government also states that on December 1, 1994, MT was convicted of falsely identifying himself to a peace officer, a misdemeanor violation of California Penal Code section 148.9(a), for which he was sentenced to one year of probation and ordered to pay a $100 fine. The government does not contest the admissibility of this conviction through this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL          'O'

criminal convictions, without prejudice to the defense arguing at trial that a witness has "opened the door" to evidence of those convictions.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |