UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**     'O'

| Case No. | CR 13-589-CAS | | Date | February 5, 2015 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | Not Present | Doug Miller, Not Present<br>Monica Ramirez, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 1) JOSHUA DAVIS | NOT | X | | MICHAEL CERNYAR | NOT | | X |
| 2) SHARILYN KAE ANDERSON | NOT | X | | GEORGINA WAKEFIELD, DFPD<br>JILL GINSTLING, DFPD | NOT<br>NOT | X<br>X | |

Proceedings: **(IN CHAMBERS/REDACTED)**: GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF VICTIMS' ALLEGED SEXUAL BEHAVIOR (Dkt. No. 101, filed September 5, 2014)

## I.     INTRODUCTION

On August 22, 2013, a federal grand jury charged defendant Sharilyn K. Anderson and her son, co-defendant Joshua Davis, with offenses related to alleged sex trafficking. Dkt. No. 12. On September 26, 2013, a superseding indictment was filed against Davis and Anderson. Dkt. No. 132. The superseding indictment charges the defendants with conspiring to sex traffic a minor ("Victim 1") and conspiring to sex traffic an adult ("Victim 2") by force and coercion, in violation of 18 U.S.C. § 1594(c). Id. It further charges Davis with four substantive counts of sex trafficking Victim 1 and Victim 2, in violation of 18. U.S.C. §§ 1591(a)(1); and one count of transporting Victim 1 in interstate commerce for the purpose of engaging in prostitution, in violation of 18 U.S.C. § 2423(a). Finally, it charges Anderson with aiding and abetting Davis with sex trafficking of Victim 1 and Victim 2, in violation of 18 U.S.C. §§ 1591(a)(1), (a)(2). Id. A trial in this matter is currently set for March 10, 2015.

On September 5, 2014, the prosecution filed a motion *in limine* to preclude any evidence of any victim's alleged other sexual behavior or predisposition pursuant to Federal Rules of Evidence 412 and 403. Dkt. No. 101. On January 16, 2015, Anderson filed an opposition. Dkt. No. 158. Anderson also filed an *in camera* and under seal supplemental brief and proffer of the evidence she seeks to admit. Dkt. No. 162. The Court held a hearing on the motion on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**       **'O'**

January 26, 2015. As discussed below, defendant has not yet filed a formal Rule 412(c) motion. After considering the parties' arguments, the Court finds and concludes as follows.

## II. DISCUSSION

The government moves to preclude defense counsel "from seeking to elicit, from any witness, evidence offered to prove that any victim allegedly engaged in other sexual behavior, to include post-offense sexual behavior, as well as any post-offense behavior related to prostitution, or of any alleged sexual predisposition on the part of any victim in this case." Dkt. No. 101 at 3.

In opposition, Anderson states that she "does not seek to offer evidence of any 'alleged sexual predisposition' on the part of the alleged victims," or evidence "offered to prove that any [alleged] victim engaged in other sexual behavior." Dkt. No. 158 at 1. Anderson represents that she does, however, "intend to introduce evidence relating to false statements about post-offense behavior relating to prostitution" and made by Victim 2. Id. Specifically, Anderson asserts that Victim 2 "has lied repeatedly by falsely denying since at least July 2013 that she has continued to offer her services as a prostitute." Id. at 2. In her *in camera* proffer, Anderson provides more details of the evidence she seeks to introduce, and the theory under which she seeks to introduce it. This unsealed order does not address evidence or factual arguments contained only in that *in camera* filing.

### A. Federal Rule of Evidence 608

As an initial matter, Anderson wishes to offer extrinsic evidence of Victim 2's alleged prostitution-related behavior post-dating Anderson's alleged offenses, for the purpose of impeaching one or more witness's credibility on cross-examination. This implicates Federal Rule of Evidence 608, which provides in relevant part:

> **(b) Specific Instances of Conduct.** Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness of:
>
>> **(1)** the witness; or
>
>> **(2)** another witness whose character the witness being cross-examined has testified about.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**            **'O'**

Fed. R. Evid. 608(b). Therefore, Rule 608(b) "authorizes courts to permit inquiry into specific instances of conduct during cross-examination if they are probative of the character for untruthfulness of the witness—subject, of course, to the balancing analysis of Rule 403." United States v. Olsen, 704 F.3d 1172, 1184 n.4 (9th Cir. 2013). But the rule "has been interpreted to prohibit the admission into evidence of documents or testimony by another witness to prove prior misconduct not resulting in a conviction." United States v. Jackson, 882 F.2d 1444, 1448 (9th Cir. 1989); see United States v. Castillo, 181 F.3d 1129, 1133 (9th Cir. 1999) ("[E]xtrinsic evidence may not be admitted to impeach testimony invited by questions posed during cross-examination.").[1]

However, Rule 608's "absolute prohibition on extrinsic evidence applies only when the sole reason for proffering that evidence is to attack or support the witness' character for truthfulness." Fed. R. Evid. 608 advisory committee's notes (2003 amendments). Therefore, "Rule 608(b) does not bar introduction of evidence to show that the witness is biased. It regulates only the admissibility of evidence offered to prove the truthful or untruthful character of a witness." United States v. Ray, 731 F.2d 1361, 1364 (9th Cir. 1984). Thus, "[e]vidence that happens to include prior misconduct may be admissible . . . when it is offered to show the witness' possible bias or self-interest in testifying. In such a case, the adverse party does not have to accept the witness' testimony, but may offer extrinsic evidence to rebut it." United States v. Noti, 731 F.2d 610, 613 (9th Cir. 1984)).

---

[1] Rule 608(b) "prohibits the use of extrinsic evidence of conduct to impeach a witness' credibility in terms of his general veracity," but does not bar "extrinsic evidence that specific testimony is false, because contradicted by other evidence." Castillo, 181 F.3d at 1132. That is, "[d]irect-examination testimony concerning a broad disclaimer of misconduct sometimes can open the door for extrinsic evidence to contradict even though the contradictory evidence is otherwise inadmissible under Rules 404 and 608(b), and is thus collateral." Id. at 1132–33 (quoting 2A Charles A. Wright & Victor J. Gold, Federal Practice and Procedure, § 6119 at 116–17 (1993)). Rather than Rule 608(b), Rule 607 governs the admissibility of " 'extrinsic evidence to impeach specific errors or falsehoods in a witness' direct testimony, subject to Rule 403 considerations.' " Id. at 1133 (quoting United States v. Benedetto, 571 F.2d 1246, 1250 n.7 (2d Cir. 1978)). Because the Court does not yet know what testimony Victim 2 or Nuñez will offer at trial, the Court cannot determine whether any of the extrinsic evidence Anderson seeks to introduce might be admissible to contradict their testimony. Nevertheless, as explained below, otherwise admissible evidence barred by Rule 412 must be excluded.

Still, there must be some evidentiary indication that the proffered evidence is actually probative of bias or motive, or extrinsic evidence is properly excluded under Rule 608(b). Compare United States v. Collins, 90 F.3d 1420, 1429 (9th Cir. 1996) (affirming exclusion of evidence of witness's alleged continued drug dealing where defendant failed to show how drug dealing would lead to bias), United States v. McCoy, 23 F.3d 216, 217 (9th Cir. 1994) (affirming exclusion of extrinsic evidence of witness's drug sales and use while cooperating in investigation; reasoning that such evidence was "not probative of bias or self-interest" because there was no indication the government was aware of the witness's unauthorized drug activities or "agreed to overlook these activities in return for . . . cooperation"), and Noti, 731 F.2d at 612–13 (9th Cir. 1984) (where witness in drug prosecution had denied using or selling drugs, contradictory extrinsic evidence properly excluded in the absence of proof that the witness cooperated in exchange for lenient treatment or deferral of his own prosecution), with Ray, 731 F.2d at 1364–65 (reversing refusal to allow defendant to inquire about key government witness's alleged continued drug dealing after taking a plea, where defendant made threshold showing of alleged misconduct and jury could have believed defendant's allegations of witness's continued drug dealing might have biased witness against defendant).

Therefore, even apart from the constraints of Rule 412, Anderson may not offer the extrinsic evidence she seeks to admit if the only sufficiently supported purpose for that extrinsic evidence is to impeach the veracity of Victim 2 or another witness. Rule 608(b) would not, however, bar Anderson from offering extrinsic evidence that goes to bias. See United States v. Abel, 469 U.S. 45, 56 (1984) ("It would be a strange rule of law which held that relevant, competent evidence which tended to show bias on the part of a witness was nonetheless inadmissible because it also tended to show that the witness was a liar."). Still, evidence "which might otherwise be admissible under . . . Rule 607, 608 . . . or some other evidence rule, must be excluded if Rule 412 so requires." Fed. R. Evid. 412 advisory committee's notes (1994 amendments). Accordingly, the Court considers below whether any of the evidence Anderson seeks to offer might be admissible despite Rule 412's broad prohibition on evidence of sexual behavior or predisposition.

    **B.**    **Federal Rule of Evidence 412**

In any proceeding involving alleged sexual misconduct, Federal Rule of Evidence 412 prohibits the admission of evidence offered to prove (1) that any alleged victim "engaged in other sexual behavior" or (2) any alleged victim's "sexual predisposition." Fed. R. Evid. 412(a). "Sexual behavior" is construed broadly, both in subject matter and temporal scope. It includes "all activities that involve actual physical conduct, i.e., sexual intercourse or sexual conduct," extending to activity that "implies sexual activity" such as contraceptive use, the birth of an illegitimate child, and evidence of venereal disease, and even to "activities of the mind." Fed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**  'O'

R. Evid. 412 advisory committee's notes (1994 amendments). And it "includes all sexual behavior of the victim of an alleged sexual assault which precedes the date of the trial," even if the behavior postdates the time of the alleged offense. United States v. Torres, 937 F.2d 1469, 1472 (9th Cir. 1991) (emphasis added). By excluding evidence of "sexual predisposition," the Rule also covers "evidence that does not directly refer to sexual activities or thoughts but that a proponent believes may have a sexual connotation to the factfinder," such as evidence of an alleged victim's "mode of dress, speech, or life-style." Fed. R. Evid. 412 advisory committee's notes (1994 amendments).

Rule 412 provides few exceptions to this prohibition in criminal cases. A party can submit otherwise admissible evidence "of specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of semen, injury or other physical evidence." Fed. R. Evid. 412(b)(1)(A). A court may also admit "evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor," and "evidence whose exclusion would violate the defendant's constitutional rights." Id. 412(b)(1)(B), (C). Before evidence may be admitted pursuant to one of these exceptions, the proponent must file a motion "specifically describ[ing] the evidence and . . . the purpose for which it is to be offered." Id. 412(c)(1)(A). The court must then "conduct an in camera hearing and give the [alleged] victim and parties a right to attend and be heard." Id. 412(c)(2).

1. Whether the Proffered Evidence Is Governed by Rule 412

Anderson argues that Rule 412 applies only to "evidence *offered to prove* that a victim engaged in other sexual behavior."[2] Anderson therefore contends that Rule 412 does not cover

---

[2] Anderson questions whether Rule 412 applies at all to this case because she "is not charged with engaging in sexual misconduct with any alleged victim," but is instead "charged under 18 U.S.C. § 1591 with the non-sexual acts of recruiting/enticing/transporting the alleged victims with the knowledge that they would be caused by someone . . . to engage in a commercial sex act." Dkt. No. 158 at 2 n.2. But the focus of Rule 412 is on the alleged victim, not the defendant. As this Court previously explained in applying Rule 412 to a § 1591 sex trafficking case, the "rule applies 'in all cases in which there is evidence that someone was the victim of sexual misconduct, without regard to whether the alleged victim or person accused is a party to the litigation.' " United States v. Valenzuela, No. CR 07-00011(A)-MMM, 2008 WL 2824958, at *2 n.3 (C.D. Cal. July 21, 2008) (citing Fed. R. Evid. 412 advisory committee's notes (1994 amendments)). The Ninth Circuit has stated in an unpublished opinion that it is "willing to assume that Federal Rule of Evidence 412 applies to sex trafficking prosecutions."

the evidence she intends to offer "to prove something *other* than the fact that the sexual conduct occurred," and that she may therefore offer evidence going to credibility or bias without a Rule 412(c) motion and hearing. Dkt. No. 158 at 2 (emphasis in original). She submits that evidence that Victim 2 "has lied, repeatedly, by denying that she has continued to offer her services as a prostitute" is "relevant to impeach her credibility, regardless of whether [she] actually consummated any sexual acts as a prostitute." Id. at 3.

First, the Court notes its skepticism of the line Anderson draws between Victim 2's "offer[ing] her services as a prostitute" and "consummat[ing] any sexual acts as a prostitute." Rule 412 is "designed to exclude evidence that does not directly refer to sexual activities or thoughts but that the proponent believes may have a sexual connotation to the factfinder." Fed. R. Evid. 412 advisory committee's notes (1994 amendments). At a minimum, offering prostitution services has a "sexual connotation," and evidence of such conduct implicates "Rule 412's objectives of shielding the alleged victim from potential embarrassment and safeguarding the victim against stereotypical thinking." See id.

Further, Anderson cites no case law in support of her argument that Rule 412 is inapplicable to evidence of sexual behavior or predisposition offered to prove dishonesty or bias. Rule 412 "bar[s] evidence *relating to* the alleged victim's sexual behavior or alleged sexual predisposition, *whether offered as substantive evidence or for impeachment*, except in designated circumstances in which the probative value of the evidence significantly outweighs possible harm to the victim." Fed. R. Evid. 412 advisory committee's notes (1994 amendments) (emphasis added); Burger v. Litton Indus., Inc., 91 CIV 0918 (WK) (AJP), 1995 WL 476712, at *3 (S.D.N.Y. Aug. 10, 1995) (holding that Rule 412 "applies to evidence 'for impeachment' "); see United States v. Cardinal, 782 F.2d 34, 36 (6th Cir. 1986) (rejecting argument that evidence of prior allegedly false rape accusations "should not have been excluded under Rule 412, as the issue was one of credibility and not sexual conduct"); see also United States v. One Feather, 702 F.2d 736, 739 (8th Cir. 1983) (allowing a defendant to introduce evidence that a witness had lied about being married would be "contrary to the policy of Rule 412" because it would indirectly admit "[e]vidence of the victim's past sexual behavior"). Moreover, courts have held that "impeaching a witness's character for truthfulness is not a recognized exception to Rule

---

United States v. Valenzuela, 495 F. App'x 817, 819 (9th Cir. 2012), cert. denied, 133 S. Ct. 1613. And other courts have applied Rule 412 in § 1591 cases. See United States v. Elbert, 561 F.3d 771, 776–78 (8th Cir. 2009); United States v. Shamsud-Din, No. 10 CR 927, 2011 WL 5118840, at *2 (N.D. Ill. Oct. 27, 2011) (rejecting argument that Rule 412 did not apply because defendant was not charged with sexually abusing a victim). Therefore, Anderson's argument that Rule 412 is entirely inapplicable to this type of prosecution is without merit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**     **'O'**

412's general prohibition of evidence of sexual history." United States v. Tail, 459 F.3d 854, 859 (8th Cir. 2006) (citing United States v. Withorn, 204 F.3d 790, 795 (8th Cir. 2000));[3] United States v. Dade, Nos. 4:09-cv-00512-BLW, 4:01-cr-00196-BLW, 2011 WL 6301123, at *14 (D. Idaho Dec. 16, 2011) (same). This Court has previously required criminal defendants facing similar charges to file a Rule 412(c) motion to seek to introduce evidence of prostitution-related behavior "to show bias and motivation to testify falsely." United States v. Valenzuela, No. CR 07-00011(a)-MMM, 2008 WL 2823958, at *2–3 & n.3 (C.D. Cal. July 21, 2008) ("Defendants may have a constitutional right under the Confrontation Clause to present evidence showing a motivation to testify falsely; if so, that would be sufficient to permit admission of the evidence *under Rule 412*." (emphasis added)). Therefore, the Court rejects Anderson's argument that Rule 412 is entirely inapplicable, and that she need not give notice to the alleged victim or prosecution of her intent to introduce the proffered evidence.

> 2.     Whether Exclusion of the Proffered Evidence Could Violate Anderson's Constitutional Rights

In the alternative, Anderson argues that even if Rule 412 does apply, the evidence should nonetheless be admissible under Rule 412(b)(1)(C), which provides for the admission of "evidence whose exclusion would violate the defendant's constitutional rights." Dkt. No. 158 at 3 (citing Fed. R. Evid. 412(b)(1)(C)). Specifically, she argues that exclusion of the proffered evidence would violate her Sixth Amendment Confrontation Clause rights.

"The Sixth Amendment to the Constitution guarantees the right of an accused in a criminal trial 'to be confronted with the witnesses against him.'" Davis v. Alaska, 415 U.S. 308, 315 (1974). The Sixth Amendment protects "the right to cross-examine witnesses to attack their general credibility or to show their possible bias or self-interest in testifying." Hughes v. Raines, 641 F.2d 790, 792 (9th Cir. 1981). Accordingly, the Confrontation Clause "requires a defendant to have some opportunity to show bias on the part of a prosecution witness." United States v. Abel, 469 U.S. 45, 50 (1984). The Ninth Circuit has held that a defendant's Sixth Amendment right to cross-examine her accusers is "implicate[d]" when "a jury 'might reasonably' have questioned the witness's reliability or credibility in light of the cross-examination." Fowler v. Sacramento Cnty. Sheriff's Dep't, 421 F.3d 1027, 1036 (9th Cir. 2005) (quoting Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986)).

---

[3] Anderson argues that Withorn is not persuasive because the Eighth Circuit "was not confronted with the argument that the exclusion of the evidence would violate the defendant's constitutional rights," Dkt. No. 158 at 5; however, the Eighth Circuit *did* consider such an argument in Tail, 459 F.3d at 859–61.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**           **'O'**

"The right to cross-examination, however, is not unlimited." Torres, 937 F.2d at 1473. "While the right to attack a witness's credibility is generally protected by the Confrontation Clause, such evidence may still be excluded under Rule 412 where it is of 'little or no probative value.' " Valenzuela, 2008 WL 2823958, at *3 (quoting United States v. Powell, 226 F.3d 1181, 1198 (10th Cir. 2000)); see Wood v. Alaska, 957 F.2d 1544, 1549–54 (9th Cir. 1992) (explaining that even relevant cross-examination may properly be excluded if its probative value is outweighed by other legitimate interests). The " 'propriety of excluding such evidence is strengthened where the prior incident is unrelated to the charged conduct, and where the defendant intends to use the evidence as part of an attack on the general credibility of the witness.' " Valenzuela, 2008 WL 2823958, at *3 (quoting Tail, 459 F.3d at 860).

For example, the Ninth Circuit has affirmed a district court's exclusion in a rape prosecution of evidence that the alleged victim made a prior false accusation of rape. Hughes, 641 F.2d at 793. The court reasoned that the relevance of the evidence was slight, and "would have added extraneous issues that had little, if any, probative value." Id. The Ninth Circuit also found it significant that the "object of the intended cross-examination . . . was not to establish bias," but "merely . . . to attack the general credibility of the witness on the basis of an unrelated prior incident." Id. (citing Davis, 415 U.S. at 321 (Stewart, J., concurring); see also Davis, 415 U.S. at 316 (majority opinion) (distinguishing between "a general attack on the credibility of the witness" and a "more particular attack on the witness' credibility . . . by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand"); United States v. Payne, 944 F.2d 1458, 1569 (9th Cir. 1991) ("We have found . . . that a trial court's limitation of cross-examination on an unrelated prior incident, where its purpose is to attack the general credibility of the witness, does not rise to the level of a constitutional violation of the defendant's confrontation rights."); Quinn v. Haynes, 234 F.3d 837, 844–48 (4th Cir. 2000) (upholding on habeas review exclusion of impeachment evidence regarding alleged victim's prior accusations of sexual assault, where that evidence went to "general credibility" rather than motive to fabricate); United States v. Bartlett, 856 F.2d 1071, 1087–89 (8th Cir. 1988) (affirming exclusion of alleged prior false rape allegations offered as a general credibility attack).

Where cross-examination goes to bias, however, it carries greater constitutional weight. In Davis, for example, Green, a key prosecution witness in a robbery case was, at the time of trial, on probation by order of a juvenile court after having been adjudicated a delinquent for burglarizing two cabins. 415 U.S. at 311. The defense sought to introduce the juvenile adjudication not "as a general impeachment of Green's character as a truthful person but, rather, to show specifically that at the time Green was assisting the police in identifying petitioner he was on probation for burglary" and therefore may have made a faulty identification "to shift

suspicion away from himself" or "under fear of possible probation revocation." Id. The trial court granted a motion for a protective order barring evidence of the juvenile adjudication, relying on state statutes that broadly prohibited the introduction of such evidence. Id. The Supreme Court reversed, holding that the "claim of bias which the defense sought to develop was admissible to afford a basis for an inference of undue pressure because of Green's vulnerable status as a probationer, [citation], as well as of Green's possible concern that he might be a suspect in the investigation." Id. at 317–18. The Court determined that the defendant's right to expose this potential bias outweighed the state's admittedly important interest in protecting the anonymity of juvenile offenders. See id. at 319–20. See also Olden v. Kentucky, 488 U.S. 227, 230–31 (1988) (finding Sixth Amendment violation where defendant barred from offering evidence that rape accuser was living with another man, giving her a potential motive to falsely allege that sex with defendant was nonconsensual); Redmond v. Kingston, 240 F.3d 590, 591–93 (7th Cir. 2001) (holding erroneous trial court's exclusion of evidence that alleged statutory rape victim had previously reported and recanted a rape to get attention, suggesting a motive to accuse the defendant falsely); United States v. Stamper, 766 F. Supp. 1396, 1401–06 (W.D.N.C. 1991) (admitting evidence of alleged victim's past allegations of sexual assault, offered to show a "motive or scheme of fabrication by the complainant"); Commonwealth v. Joyce, 415 N.E.2d 181, 186–88 (Mass. 1981) (reversing conviction where defendant precluded from presenting evidence that alleged rape victim had previously been charged with prostitution, which suggested a motivate to allege rape falsely to avoid being charged again).

      Still, simply stating that evidence goes to bias or motive to lie is not enough to justify admitting Rule 412 evidence. This Court has previously rejected a defendant's argument that evidence that alleged sex trafficking victims were prostitutes before being brought to the United States, and that those victims were "being permitted to remain in this country in exchange for testifying against defendants," was admissible "to show bias and motivation to testify falsely." Valenzuela, 2008 WL 2824958, at *3. The Court reasoned, "[w]hile the fact that the victims have been granted temporary legal status . . . may be relevant to show bias or motivation to testify falsely, this does not make evidence of prior sexual history probative of bias." Id. In the absence of evidence "that the government would withdraw its protection of the victims if it learned that they were prostitutes in Guatemala," the Court found insufficient support for the bias argument. Id.[4]

---

[4] While rejecting the "bias argument, as presently stated," the Court reasoned that it could not "conclusively determine that no defendant can successfully show that evidence of the victims' past prostitution activities is sufficiently probative of bias that it should be admitted under Rule 412(b)(1)(C)." Valenzuela, 2008 WL 2824958, at *4. The Court therefore denied

      And even where a defendant seeks to expose the "potential bias of a prosecution witness . . . . trial judges retain wide latitude insofar as the Confrontation clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Van Ardsall, 475 U.S. at 679; see 1 Kenneth S. Broun, McCormick on Evidence § 39 (7th ed. 2013) ( "Although he may not deny a reasonable opportunity . . . to prove the witness's bias, the trial judge has discretion to control the extent of the proof."). "Generally, once cross-examination reveals sufficient information with which to appraise a witness's possible bias and motives, confrontation demands are satisfied." United States v. Bonanno, 852 F.2d 434, 439 (9th Cir. 1988). Nevertheless, limits placed on relevant cross-examination " 'may not be arbitrary or disproportionate to the purposes they are designed to serve.' " Fowler, 321 F.3d at 1037 (quoting Michigan v. Lucas, 500 U.S. 145, 149 (1991)).

      To the extent that Anderson seeks to introduce the proffered evidence merely to show that Victim 2 or Nuñez has lied in the past about prostitution-related behavior distinct from that which forms a basis for the charged offenses, and therefore has a bad character for truthfulness, it seems unlikely that Anderson's interest in mounting such a general credibility attack could outweigh the serious privacy interests protected by Rule 412. Moreover, as explained above, extrinsic evidence about such collateral matters would be independently barred by Rule 608(b). However, Anderson may have a colorable argument that excluding all of the proffered evidence could violate her constitutional right to explore key witness' possible biases and motives to testify and lie. But the Court can only decide to admit evidence pursuant to Rule 412(b)(1)(C) after a motion and hearing that complies with the requirements of Rule 412(c). Therefore, the Court concludes that the proper course is to deny the instant motion *in limine* without prejudice and allow Anderson to file a Rule 412(c) motion if she so chooses. In doing so, the Court expresses no opinion on the ultimate admissibility of Anderson's proffered evidence, except that her argument is not so clearly meritless that a Rule 412(c) motion and hearing would be pointless. See Valenzuela, 2008 WL 2824958, at *4 (expressing skepticism at the Rule 412(b)(1)(C) argument advanced in opposition to government motion *in limine*, but denying that motion as premature given the possibility that defendant could show that the evidence was relevant to bias, and setting a briefing schedule for any Rule 412(c) motion).

---

the government's motion *in limine* to exclude all Rule 412 evidence as premature and set dates for the filing of a formal Rule 412(c) motion. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**               **'O'**

## III.  CONCLUSION

In accordance with the foregoing, the Court **DENIES** the government's motion without prejudice. Any defense motion for admission of prostitution-related evidence under Rule 412(c) must be filed, under seal and as prescribed that Rule, by **February 17, 2015**. The government may oppose any such motion no later than **February 24, 2015**. The Court will hold an *in camera* hearing on the issue on **February 27, 2015, at 1:00 PM.**

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |